﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 191223-53022
DATE: December 31, 2020

REMANDED

Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1972 to October 1975.

This appeal is before the Board of Veterans’ Appeals (Board) from a May 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran filed a notice of disagreement (VA Form 10182) in June 2019. The Veteran initially requested a Board hearing at which time he would submit additional evidence. He later requested higher level review with an informal conference, which was conducted in July 2019. The Veteran filed another notice of disagreement (VA Form 10182) in December 2019 and selected the direct review option. 

Although the Board regrets the delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran’s claims so that he is afforded every possible consideration. 38 U.S.C. § 5103(d); 38 C.F.R. § 3.159(c)(4).

Entitlement to a TDIU

The Veteran seeks a TDIU. He contends that his service-connected disabilities, when considered in combination, render him unemployable.

In his October 2017 application for a TDIU, the Veteran reported that his last job was driving buses six to eight hours a day before becoming too disabled to work. 

The Veteran is in receipt of a 30 percent rating for depressive disorder, 20 percent for residuals, fracture left humeral head and shaft left shoulder with degenerative joint disease and 10 percent for tinnitus. His combined rating is 50 percent for the entirety of the appeal period. He therefore does not meet the threshold for a schedular TDIU under 38 C.F.R. § 4.16(a). 

Nonetheless, pursuant to 38 C.F.R. § 4.16(b), when a claimant is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, but fails to meet the percentage requirements for eligibility for a total rating set forth in 38 C.F.R. § 4.16(a), such case shall be submitted for extraschedular consideration. 

Significantly, VA has acknowledged a pre-existing duty to assist error in assisting the Veteran to gather evidence to support his claim. A December 2020 letter from VA to the Veteran noted that there were outstanding records, including a medical opinion for memory loss, panic, and bipolar disorder, as well as records from the “records research task center” regarding Agent Orange exposure. It is unclear what these records include or to what they pertain. However, any claim on appeal or in development could impact a TDIU claim, particularly as the Veteran currently does not meet the schedular criteria for TDIU. 

Accordingly, the Board finds that (1) there is an identified pre-existing duty to assist error; and (2) that this error is reasonably likely to impact the claim of entitlement to TDIU. Therefore, the Board finds that a remand is necessary to obtain the records identified in the December 2020 letter from VA to the Veteran.

The matters are REMANDED for the following action:

1. Obtain the outstanding evidence identified in the December 9, 2020, letter from VA to the Veteran and associate it with the claims file. 

2. Undertake any additional development based upon review of any evidence obtained or received.

 

 

LLOYD CRAMP

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Javier Peluyera, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.